IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                      CRIMINAL NO. 92-40005-DRH

RANDY J. LANE,

    Defendant.

# MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

On July 29, 1992, Judge Foreman sentenced Randy J. Lane to 360 months imprisonment for conspiracy to distribute in excess 100 kilograms of marijuana. On May 14, 2008, Lane filed a *pro se* motion to reduce his sentence (Doc. 136). The Court appointed counsel to represent Lane on this issue, and counsel has now moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c). **See Anders v. California, 386 U.S. 738, 744 (1967)**. Lane did not respond to the motion to withdraw, even though he was given an opportunity to do so.

Lane's motion was likely filed in response to amendments to the United States Sentencing Guidelines for offenses involving crack cocaine. Section 3582(c)(2) of Title 18 allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a

sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." **18 U.S.C. § 3582(c)(2)**. Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. ***United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S.Ct. 1924 (2009)**.

Lane is not entitled to a reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." **18 U.S.C. § 3582(c)(2)**. Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. But Lane was sentenced for a crime involving only marijuana. The

Sentencing Commission did not lower the offense level for marijuana, only crack cocaine. Thus, Lane's guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Insofar as Lane's motion is based on a request for downward departure of sentence pursuant to the post-conviction rehabilitation act, the Court also dismisses for lack of subject matter jurisdiction. Lane contends that his efforts at rehabilitation and self-improvement following commission of the instant offense take his case out of the heartland. The Sentencing Commission has forbidden departures based on post-sentencing rehabilitative efforts. **U.S.S.G. § 5K2.19;** *see* **United States v. Buckley, 251 F.3d 668 (7th Cir. 2001)**. A departure pursuant to 5K2.19 applies only when the Court is required to *resentence* a defendant. That is not the case here.

Accordingly, the Court **GRANTS** the motion to withdraw (Doc. 139 ) and **DISMISSES** for lack of jurisdiction the motion for a sentence reduction (Doc. 136) for lack of jurisdiction.

**IT IS SO ORDERED.**

DATED: March 1, 2010

/s/  *David R Herndon*
**Chief Judge**
**United States District Court**